UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24697-CIV-O'SULLIVAN

NEIDA LEMA ORTEGA,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Commissioner of
Social Security,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Opposed Motion for Attorney's Fees (EAJA) (DE # 28, 8/18/17). On March 1, 2017, this case was referred to the undersigned by the Honorable Cecilia Altonaga, United States District Court Judge for the Southern District of Florida (DE # 21, 3/1/17) for final disposition. Having carefully considered the plaintiff's motion, the court file, and the applicable law, the Plaintiff's Opposed Motion for Attorney's Fees (EAJA) (DE # 28, 8/18/17) is GRANTED in part and DENIED in part in accordance with this Order.

## BACKGROUND

On June 21, 2017, the defendant filed an unopposed Motion requesting remand of this Social Security case. (DE # 26, 6/21/17). On June 22, 2017, the undersigned issued an Order granting the remand of this matter. (DE # 27, 6/22/17). On August 18, 2017, the plaintiff filed the Plaintiff's Opposed Motion for Attorney's Fees (EAJA) (DE # 28, 8/18/17). The defendant filed the defendant's Opposition to Plaintiff's Motion for

Attorney's Fees (DE # 31, 9/15/17) on September 15, 2017.  No reply was filed.

**ANALYSIS**

A.   **Entitlement to Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), authorizes an award of attorney's fees in certain circumstances. The EAJA provides in part,

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances makes an award unjust.

Id. The defendant does not contest the plaintiff's entitlement to attorney's fees, just the amount of fees to be awarded to the plaintiff.  Specifically, the defendant asserts that the plaintiff's number of hours are excessive.

B.   **Amount of Fees**

The EAJA provides that attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Special factor enhancements are reserved for "attorneys having some distinctive knowledge or specialized skill needful for the litigation in question–as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." Pierce v.

Underwood, 487 U.S. 552, 572 (1988). Examples listed by the Court included patent law and knowledge of foreign law or language. Id.

To determine the appropriate cost-of-living increase, the $125.00 statutory rate is multiplied by the "annual average consumer price index for all urban consumers ('CPI-U') for the years in which counsel's work was performed, and then dividing the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate." Thangaraja v. Gonzales, 428 F.3d 870, 877 (9th Cir. 2005). The plaintiff requests $195.40 per hour for 37 hours, which represents the increase in the costs of living since the effective date of the Act. The total amount of fees sought by the plaintiff is $7,229.80.

The defendant agrees that a fee award is appropriate, but disagrees with the amount of award requested. The defendant disagrees with the 7.50 hours requested by the plaintiff for work performed on this matter prior to the filing of the District Court complaint. The defendant cites to Ward v. Astrue, No.3:11-cv-523-J-TEM, 2012 WL 1820578, at * 2 (M.D. Fla. 2011) in support of the notion that compensation for hours spent prior to the filing of the complaint is reasonable when the hours are for work related to the federal District Court case, not the underlying administrative proceedings. The defendant also objects to a total of 4.75 hours of time for clerical and non-legal tasks, and 0.90 hours for compensation for tasks related to the plaintiff's request for extension. Three (3) hours of the objections included in the 4.75 hours of clerical/non-legal time are also included in the 7.50 hours of the time spent prior to filing the complaint. The plaintiff did not file a reply to the response.

Fees for paralegal services customarily billed to a client are recoverable under

the EAJA. Richlin Security Serv. v. Chertoff, 553 U.S. 571, 590 (2008). Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999); see Miccosukee Tribe of Indians of Florida v. U.S., No. 04-21448-CIV, slip op. at 8 (S.D. Fla. Mar. 15, 2010).

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary," the court may reduce the number of hours for which fees will be awarded. Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York City Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

In the instant matter, after reviewing the plaintiff's submitted hours, the undersigned finds that some of the hours are for purely clerical work. The plaintiff is allowed the hours requested prior to filing the complaint to meet his client, and for work related to reviewing the case and filing the complaint. The undersigned finds that the 0.9 hours requested in compensation for tasks related to the plaintiff's request for

extension of time is not allowed. The 2.75 hours for clerical work identified as beginning on November 9, 2016, on pages four (4) and five (5) of the government's response may not be recovered. Accordingly, the undersigned finds a reduction of 3.65 hours appropriate.

The plaintiff requested attorney's fees for 37.0 hours at a rate of $195.40 for a total of $7,229.80. A reduction of 3.65 hours results in an award for 33.35 hours at a rate of $195.40 per hour, for a total award of $6,516.59.

## **CONCLUSION**

In accordance with the foregoing Order the Plaintiff's Opposed Motion for Attorney's Fees (EAJA) (DE # 28, 8/18/17) is GRANTED in part and DENIED in part, and the plaintiff is awarded $6,516.59 in fees.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **5th** day of December, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

CC:
All Counsel of Record